

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | \* \* \* | CIV. 06-3013 **2007 D.S.D. 7** |
| Plaintiff, | \* \* | |
| -vs- | \* \* | OPINION AND ORDER |
| VIOLA A. BURNETTE, Tribal Court Judge of the Rosebud Sioux Tribal Court, of the Rosebud Sioux Indian Reservation; THE ROSEBUD SIOUX TRIBAL COURT; and JODY WALN, | \* \* \* \* \* \* | |
| Defendants. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### KORNMANN, U.S. DISTRICT JUDGE

[¶1]   This is a case that has spun "out of control." All material facts are not in dispute. Progressive Specialty Insurance Company ("Insurer"), acting through an insurance agency, sold in Nebraska a policy of automobile insurance to Rodney Bordeaux. Bordeaux was the "insured" but listed on the policy as a "driver" was not only Bordeaux but also Jody Waln ("Waln"). Bordeaux and Waln are enrolled members of the Rosebud Sioux Indian Tribe, common law spouses as recognized by the Tribe, and residents of the reservation. The policy covered a vehicle expected to be garaged and operated on the Rosebud Sioux Indian Reservation ("Rosebud"). It was so operated and, on July 9, 2001, Waln was involved in an accident with an uninsured motorist who is also an enrolled member of the Tribe. The accident happened at a blind curve. The vehicles came together in the middle of the road. The accident was investigated by tribal police and no citations were issued. Waln, and perhaps a minor as to which no action has ever been brought, was injured and sustained damages.

[¶2]    The policy provided limits of $50,000 per person for all damage claims involving an uninsured motorist. Disputes arose between Waln and Insurer. Waln then sued Progressive Insurance Company (rather than Insurer) in tribal court, alleging claims for breach of contract, bad faith, negligence in not bringing to the attention of Waln (who had no independent dealings with the Insurer or the agent for the Insurer) the availability of increased and supplemental coverages, and punitive damages. The uninsured driver was alleged to have been negligent but was not a named party. Why Waln did not sue Insurer rather than another insurance entity is not known.

[¶3]    Normal procedures when an insured (or occupant of the insured vehicle) is injured by an uninsured motorist (and a settlement has not been reached between the insurer and the insured or the occupant or both) would be for the insured (and any injured passengers) to bring suit against the uninsured motorist. The insurer defends the uninsured motorist in the lawsuit. The action then determines questions of (1) whether the negligence of the uninsured motorist was a proximate cause of the accident and the injuries sustained by the insured or passengers or both, (2) whether contributory negligence of the insured bars any recovery by the insured, (3) the nature and extent of the injuries sustained by the insured or passengers or both, and (4) monetary damages of the injured insured or passengers or both. These normal and common procedures never happened here. No action was ever brought against the uninsured motorist. None of the questions set forth above have ever been answered in a court of law. Clearly, any such action could have been brought in tribal court under the facts of this case. Without any answers to these questions or even seeking answers, Waln in July of 2003 brought suit directly against Progressive Insurance Company (a company that never issued any policy to provide coverage for anything involved in this action). Apparently, this is not merely a matter of suing an insurer using an incorrect name. These two companies are separate companies. Nothing has been done in tribal court to attempt to substitute Progressive Specialty Insurance Company for Progressive Insurance Company. Thus, the wrong defendant is named in tribal court.

These facts were brought to the attention of all concerned by the amended answer (Doc. 33-6) filed in tribal court.

[¶4]   Sometime during March of 2004, Insurer paid $50,000.00 to Waln without a release and without a dismissal of any cause of action alleged in the tribal lawsuit. Earlier, payments were made under the medical payments coverage of the policy. The medical payments coverage under the policy had limits of $5,000.00 per person and the policy limits were exhausted prior to the lawsuit being filed in tribal court.

[¶5]   It is clear that Waln has no further claim for uninsured motorist coverage or for medical payments coverage, Waln having received the policy limits. Waln admits the facts as to the uninsured motorist coverage by her statement to this court (Doc. 32, page 3) to the effect that ". . . the parties resolved/settled the first party uninsured motorist liability and damages part of the suit before discovery commenced on the remaining first party bad faith claims, and before bifurcation was even considered." Also, Waln states (Doc. 32, page 5) that " . . . the parties stipulated to a settlement of only the insured's uninsured motorist breach of contract claim, providing Defendant Jody Waln with $50,000.00, the per person, per accident policy limits for Defendant Jody Waln's first party Uninsured Motorist coverage with Plaintiff Progressive Specialty Insurance Company in exchange for Defendant Waln's agreement to dismiss the Breach of Contract (UM) claim." These admissions are binding on Waln. It is clear that the Insurer did not seek any affirmative relief in tribal court. The tribal court did nothing to dismiss the breach of contract claim. Nor did Waln ever seek to dismiss it. Questions of the negligence of the uninsured motorist and questions of possible contributory negligence by Waln are now immaterial. The Insurer has now performed its contract and Waln has no further claim for breach of contract. The remaining claims of Waln all deal with claimed torts. There is no longer any contract claim to which the alleged torts may be "hitched."

[¶6]   Insurer timely questioned before the tribal courts the jurisdiction of the tribal court to act. The tribal court and the tribal appellate court overruled Insurer's objections and

found that jurisdiction exists. Insurer has exhausted all tribal court remedies and is therefore permitted to bring the present action in federal court to question whether the tribal court had subject matter jurisdiction.

[¶7] Plaintiff and Waln in this federal action have filed cross motions for summary judgment. The tribal court and the tribal judge have attempted to join the motion of Waln but have not filed the necessary paperwork to do so. There is some confusion in the briefs submitted. Despite claims to the contrary, the parties may not waive or even stipulate to subject matter jurisdiction. That is the rule in any court. The fact that the Tribe has a long-arm statute has nothing to do with questions of subject matter jurisdiction. The Supreme Court of the Rosebud Sioux Tribe correctly recognized the error of the tribal court in confusing questions of personal jurisdiction with questions of subject matter jurisdiction. Waln and the tribal court, however, continue to confuse these issues. What the rules might be in states has nothing to do with what the rules are in looking at questions of tribal court jurisdiction.

[¶8] Waln wishes to pursue claims for bad faith and breach of contract by Insurer in failing to more promptly pay the policy limits. As set forth above, Waln no longer has a claim for breach of contract. The contract of insurance has been performed. Whether or not there was bad faith, a tort claim, by the Insurer is another matter. Claims for attorneys fees and costs are made. Claims for punitive damages are sought. Claims of negligence for failing to bring to the attention of Waln increased limits for uninsured motorist coverage, as well as other supplemental coverages, are made. All such omissions and commissions, if any, arose off the reservation. What the agent told or did not tell Mr. Bordeaux in Nebraska is unknown. What Mr. Bordeaux in Nebraska told the agent is unknown. We do not know whether the insurance agent located in Nebraska is an employee of Insurer or an independent insurance agent. The agent could be a necessary party to this action. Questions of the duty of an insurance agent in dealing with an

insured or others (including a listed driver such as Waln) would be answered based on Nebraska law.

[¶9]  The agent and the Insurer are non-tribal members. We know that tribal jurisdiction over non-members is "presumptively invalid." Atkinson Trading Co. v. Shirley, 532 U.S. 645, 659 (2001). Indian tribes are not permitted to exercise jurisdiction over the activities or conduct of non-Indians occurring outside the reservation. Christian Children's Fund, Inc. v. Crow Creek Sioux Tribal Court, 103 F.Supp2d 1161 (D.S.D. 2000). *See also* Hornell Brewing Co. v. Rosebud Sioux Tribal Court, 133 F.3d 1087 (8th Cir. 1998), a case in which this court was the trial court. The present case is totally unlike what existed in Plains Commerce Bank v. Long Family Land and Cattle, Inc., 440 F.Supp2d 1070 (D.S.D. 2006), a case now on appeal. The Insurer has had no dealings with the Tribe. The political integrity, economic security, and health and welfare of the Tribe are not affected under the facts of this case. Insurer has never maintained an office or established any other physical presence on the reservation. There is no evidence that Insurer has ever entered tribal lands or has ever conducted any business with the Tribe. No "harm" occurred on the reservation. Nothing in this case brings it within the framework established in Montana v. U.S., 450 U.S. 544 (1981). It is the burden of defendants to prove that a Montana exception applies and they have failed to do so.

[¶10]  Waln has attempted to take "huge bites" of any possibly available apple and this is not to be permitted.

[¶11]  Whether Waln was an insured is legally immaterial. Her status, at a minimum, would be that of a driver operating the vehicle with the consent of the insured. She would be entitled to coverage under the policy and its benefits. Arguments by Insurer as to these "differences" are rejected. There is no question that Insurer (but not the defendant named in tribal court) entered into a consensual relationship with tribal members. This, of course, is not sufficient alone to allow subject matter jurisdiction to exist in the tribal court.

[¶12] All parties stipulated (Doc. 13) that all proceedings in tribal court would be stayed pending a decision in federal court. The motion (Doc. 3) of Insurer for a preliminary injunction should therefore be denied as moot.

[¶13] The motion of plaintiff for a summary judgment should be granted. There are no genuine issues of material fact. The motion of Waln for a summary judgment should be denied.

[¶14] Now, therefore,

[¶15] IT IS ORDERED, as follows:

1) The motion of Progressive Specialty Insurance Company (Doc. 20) for a summary judgment is granted.

2) The motion of Waln (Doc. 22) for a summary judgment is denied.

3) The motion (Doc. 3) for a preliminary injunction is denied as moot.

4) The Rosebud Tribal court has no subject matter jurisdiction and the defendants are permanently enjoined and restrained from any further proceedings in tribal court as to Progressive Specialty Insurance Company and Progressive Insurance Company as to any claims of Jody Waln arising out of the automobile accident in question

[¶16] Dated this 19th day of April, 2007.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Paipke
                DEPUTY
(SEAL)

6